```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      STATESVILLE DIVISION
                       5:07CV121-MU-02
```

| | |
|---|---|
| FLOYD JUNIOR POWELL,        )  |  |
|     Plaintiff,          )  |  |
|                         )  |  |
|     v.                  )  |  |
|                         )  |  |
| LIEUTENANT TONY KELLER,     )  |  |
|   Catawba County She-    )  |  |
|   riff's Department;     )  |  |
| JORGE SOSA, Baltimore       )  |  |
|   Maryland Police Offi-  )  |  |
|   cer;                   )  |  |
| JASON COY REID, Catawba     )  |  |
|   County Sheriff's De-   )  |  |
|   partment;              )  |  |
| TIMOTHY JAMES BREWER,       )  |  |
|   Catawba County She-    )  |  |
|   riff's Department;     )  |  |
| LARRY WATERS, Catawba       )          O R D E R  |  |
|  County Sheriff's Depart-)  |  |
|   ment;                  )  |  |
| WILLIAM A BRADFORD,         )  |  |
|   Assistant United States)  |  |
|   Attorney;              )  |  |
| GRETCHEN C.F. SHAPPERT,     )  |  |
|   Assistant United States)  |  |
|   Attorney;              )  |  |
| RICHARD L. VOORHEES,        )  |  |
|   United States District )  |  |
|   Judge;                 )  |  |
| CARL HORN, United States    )  |  |
|   Magistrate Judge;      )  |  |
| GREGORY A. FOREST,          )  |  |
|   United States Marshal; )  |  |
| JAYME MILLER, Property      )  |  |
|   Management Specialist; )  |  |
| UNITED STATES MARSHAL'S     )  |  |
|    SERVICE;             )  |  |
| CATAWBA COUNTY, NORTH       )  |  |
|   CAROLINA;              )  |  |

**CATAWBA COUNTY COMMIS-** )
  **SIONER OR CHIEF EXECU-** )
  **TIVE;** )
**CATAWBA COUNTY SHERIFF'S** )
  **DEPARTMENT;** )
**SHERIFF OF CATAWBA COUN-** )
  **TY;** )
**NEWTON POLICE DEPARTMENT;** )
**CONOVER POLICE DEPART-** )
  **MENT;** )
**CALDWELL BANKER, Realtor;** )
**BOYD HASSELL INDUSTRIAL** )
  **COMMERCIAL PROPERTIES;** )
**ELVALORIE MATTHEWS, Ca-** )
  **tawba County Sheriff's** )
  **Department; and** )
**RICHARD McDONNELL, New** )
  **Jersey State Trooper,** )
      **Defendants.** )
**_____** )

**THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights Complaint, purportedly brought under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution; under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); under 18 U.S.C. §§241 and 242; and under 42 U.S.C. §§1983, 1985 and 1986. This action was filed November 5, 2007. After careful review, for the reasons stated herein, the plaintiff's Complaint will be dismissed in its entirety.

The plaintiff is no stranger to the litigation process inasmuch as public court records reflect that he previously has filed at least two other civil actions in this Court; and he was subjected to a full trial by virtue of his federal prosecution in United States v. Higgins et al., 5:99CR12-6-V. In fact, it is

2

that criminal case which is both the heart of the instant Complaint and, ultimately, the reason why such Complaint must be summarily dismissed.

With respect to the current Complaint, the plaintiff has filed a rambling 33-page document which, more often than not, is virtually indecipherable. Nevertheless, as best as the undersigned can determine, this action is intended to challenge the criminal forfeiture of certain property which previously belonged to the plaintiff. The problems with the plaintiff's Complaint, however, are numerous.

First, to the extent that the plaintiff is arguing that: (1) the subject property was not subject to forfeiture because he did not engage in any drug offenses on the subject property; (2) that his underlying drug convictions are void because "21 U.S.C. Chapter 13 has never been properly enacted"; or (3) that the forfeiture of his "residence and $100,000 in currency" was void "given that such forfeiture was based on an unconstitutional indictment and an erroneous verdict," those claims are not subject to review in this civil action. That is, it is apparent that the plaintiff essentially is attempting to use this litigation to challenge the legality of his underlying criminal convictions under 21 U.S.C. §§853 and 841. Or, even if he is not attempting to challenge those matters, a decision about the forfeiture at issue here necessarily would implicate the legality

3

of the plaintiff's convictions.  However, the plaintiff is not entitled to bring such a challenge.

To be sure, it is well settled that before the plaintiff can recover damages for an forfeiture of the subject property, or can seek to have that property returned, he first must prove that the resulting convictions and sentences have been reversed, expunged, declared invalid by a tribunal which has the authority to make such a determination, or have otherwise been called into question by the issuance of a federal writ of habeas corpus in favor of the plaintiff.  Heck v. Humphrey, 512 U.S. 477 (1994).  To put it another way, causes of action which seek monetary damages on the basis of a conviction or sentence and which raise challenges that necessarily would implicate the validity of the underlying conviction and/or sentence do not accrue until such conviction or sentence has been reversed, expunged or declared invalid.  See Brooks v. City of Winston Salem, 85 F.3d 173, 181 (4th cir. 1996).

The plaintiff does not allege that his criminal convictions have been reversed.  On the contrary, this Court is aware that the plaintiff's convictions and sentences, and the forfeiture all have been affirmed on appeal.  See United States v. Powell, No. 01-4196, slip op. at 3 (4th Cir. March 28, 2002).  Therefore, the Court finds that the plaintiff is not entitled to proceed with this action.

4

Furthermore, to the extent that the plaintiff is claiming that the forfeiture of his property was the result of some sort of "despotic power taking private property when state necessity requires . . . ," such claim still must fail. Rather, as was noted in the Order resolving the plaintiff's wife's action to challenge the subject forfeiture, see 5:03CV160, the plaintiff's property was forfeited by virtue of his convictions under 21 U.S.C. §§841 and 846, along with the jury's Special Verdict on the allegation under 21 U.S.C. §853. Thus, this claim is factually baseless.

Additionally, it has not escaped the undersigned's attention that this Court already has determined that the forfeiture of the subject property did not violate any protections afforded to the plaintiff's wife and children under 42 U.S.C. §§1983, 1985 and 1986; and that it did not violate their rights under the First, Fourth or Eighth Amendments, or the Due Process Clause of the Fourteenth Amendment. (See 5:03CV160, doc. # 43). Equally critically, those determinations were affirmed on direct review before the Fourth Circuit Court of Appeals. See Powell v. Keller, et al., No. 04-2116, slip op. at 3 (4th Cir. Feb. 14, 2005). Thus, to the extent that these claims already have been put to rest, the doctrine of res judicata likely would stand as a bar to the plaintiff's ability to resurrect them. Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th

Cir. 1991) ("Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.") (internal quotation omitted).

Furthermore, to the extent that the plaintiff's claims against the defendants are based upon conduct which the defendants engaged in during the course of the plaintiff's prosecution, the plaintiff has failed to credibly allege any facts which would cause the law enforcement officers to loose their cloak of qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (qualified immunity protects government officials from civil liability when his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Similarly, the court personnel are absolutely immune from this action under theories of prosecutorial and judicial immunity. See generally Buckley v. Fitzsimmons, 509 U.S. 259 (1993) (discussing prosecutorial immunity); and Chu v. Griffith, 771 F.2d 79 (4th Cir. 1985)(discussing judicial immunity).

Moreover, the plaintiff's claims do not support the imposition of any municipal or supervisory liability against the remaining defendants. See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (discussing municipal liability); and Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, 513 U.S. 813 (1994) (discussing supervisory liability). Accordingly,

even if the plaintiff were not precluded from bringing the instant claims, they still would be subject to summary dismissal in any event.

Finally, the Court notes that it has reviewed the remaining stray allegations set forth in the plaintiff's Complaint, and has found them equally conclusory and/or lacking in merit. Accordingly, based upon the foregoing, the Court finds that the plaintiff's Complaint must be <u>dismissed</u> for its failure to state a constitutional claim for relief.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Complaint is **DISMISSED.** <u>See</u> 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: November 15, 2007

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge